UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BOBBY M. SWIFT #129956 ) | |
| ) | |
| v. ) | NO. 2:04-CV-442 |
| ) | |
| SHERIFF ROGER GENTRY, CHIEF ) | |
| C/O KATHY TERRILL, and ) | |
| NURSE AMANDA COLEMAN ) | |

## **MEMORANDUM and ORDER**

Bobby M. Swift, a state inmate, has filed this *pro se* civil rights action under 42 U.S.C. § 1983. The plaintiff is **ASSESSED** the civil filing fee of two hundred, fifty dollars ($250) under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

(a)  twenty percent (20%) of the average monthly deposits to the plaintiff's' inmate trust account; or

(b)  twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's

preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has been paid to the Clerk's Office.[1] *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

In his complaint, the plaintiff contends that his rights were violated when he was housed in the Johnson County jail in Mountain City, Tennessee. More specifically, he claims that someone (either defendant Terrill or defendant Coleman) cancelled his November 11, 2004 appointment with his physician, Dr. Thomas. The plaintiff intended to discuss with Dr. Thomas the results of blood tests the plaintiff had undergone in September or October and to ascertain the starting date of his treatment for hepatitis. The plaintiff alleges that he has been requesting to see his doctor for two months and that, though he is in pain everyday and has filed grievances on this subject, he has not been taken to the doctor and has received no reply to his grievances. He asks to be taken to see his doctor so that he can begin treatment for hepatitis.

By letter dated March 21, 2005 (Doc. 6), the plaintiff notified the Court of his transfer from the Johnson County jail to the Brushy Mountain Correctional

---

[1] Send all remittances to: Clerk's Office, USDC
220 West Depot Street, Suite 200
Greeneville, TN 37743.

Complex (BMCC) in Petros, Tennessee. The fact of the plaintiff's transfer is important because he has requested only injunctive relief in his complaint and because a prisoner's claims for injunctive relief with respect to a jail are moot upon his transfer from that jail. *See Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Kensu v. Haigh*, 87 F.2d 172, 175 (6th Cir. 1996) (prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility). Since the only claims for relief asserted in the complaint are moot and since there is no longer any case or controversy for adjudication, *Preiser*, 422 U.S. at 401, a separate order of dismissal shall enter in this cause.

Finally, the Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at BMCC and to Quenton White, Commissioner of the Tennessee Department of Correction, to ensure full compliance with the fee assessment procedures outlined above.

ENTER:

    s/Thomas Gray Hull
    THOMAS GRAY HULL
      SENIOR U. S. DISTRICT JUDGE